**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 30 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANICE M. OHMAN,<br><br>　　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>COUNTY OF ORANGE, a Municipal Corporation; ISRAEL CLAUSTRO, individually,<br><br>　　　　　　Defendants - Appellees. | No. 10-55231<br><br>D.C. No. 8:09-cv-00653-CJC-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted November 10, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District Judge.[**]

Janice Ohman appeals the district court's dismissal of her 42 U.S.C. § 1983

action against the County of Orange and Deputy District Attorney Israel Claustro

---

[*]　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　The Honorable Henry E. Hudson, United States District Judge for the Eastern District of Virginia, sitting by designation.

in his individual capacity. She has not pursued an appeal from the district court's order dismissing Ohman's claim against the County.

Ohman's claim is based upon Claustro's conduct in prosecuting a case against her. Ohman alleges that the state charged her with forgery, and supported its case using inadmissible evidence obtained illegally by the Tustin Police Department. State courts suppressed that evidence in 2008, then dismissed the charges. She further alleges that at some point after Claustro took over control of the prosecution, he instructed the Tustin Police Department not to find additional evidence to support forgery charges, reintroduced charges based on the original inadmissible evidence, and produced it in response to discovery requests, knowing it had been seized illegally. That second criminal action eventually was also terminated in Ohman's favor.

The district court dismissed the federal action on grounds of prosecutorial immunity. Ohman argues that Claustro was performing administrative or investigative functions by collecting and evaluating evidence, since prosecutors are entitled to absolute immunity for their advocacy functions, but not for investigative or administrative functions. *Genzler v. Longanbach*, 410 F.3d 630, 636–37 (9th Cir. 2005). While a prosecutor who participates in obtaining evidence may be acting in an investigative capacity, *see id.* at 641, the complaint reflects that

2

Claustro was not involved in investigative work, such as participating in the illegal search itself. Rather, the complaint reflects that Claustro was, at all relevant times, engaged in conduct related to his role as an advocate for the state. This included the filing of charges on the basis of evidence in the file, and responding to defense discovery requests. The challenged conduct is therefore subject to absolute prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (absolute immunity for prosecuting charges maliciously); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 679 (9th Cir. 1984) (absolute immunity for evaluating "whether the prosecutor needs [certain] evidence to prosecute," since that decision "goes to the heart of the advocate's role"); *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (absolute immunity for prosecutor's exercise of discretion in regulating flow of information to defense, including for "deliberate withholding of exculpatory information") (quoting *Imbler*, 424 U.S. at 431–32).

It therefore makes no difference that Claustro allegedly knew the evidence had been suppressed previously and thus intended to prosecute on the basis of illegally obtained evidence. *See Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("Intent should play no role in the immunity analysis.").

**AFFIRMED**.

3